UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DENNIS WARREN DALRYMPLE,
    Petitioner,

v.                                                      Case No. 8:22-cv-2271-KKM-SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS,
    Respondent.
_____

## ORDER

Dalrymple, a Florida prisoner, timely[1] filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. 1.) Upon consideration of the petition, (*id.*), the supporting memorandum, (Doc. 2), the response in opposition,

---

[1] A state prisoner has one year from the date his judgment becomes final to file a § 2254 petition. *See* § 2244(d)(1). This one-year limitation period is tolled during the pendency of a properly filed state motion seeking collateral relief. *See* § 2244(d)(2). The state appellate court affirmed Dalrymple's convictions and sentence on April 21, 2021. (Doc. 10-2, Ex. 4.) The judgment became final 90 days later, on July 20, 2021. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Before that date, on May 26, 2021, Dalrymple filed his state postconviction motion. (Doc. 10-2, Ex. 6, p. 24.) The postconviction motion remained pending until the state appellate court's mandate issued on June 8, 2022. (Doc. 10-2, Ex. 14.) After 21 days of untolled time passed, Dalrymple filed his petition alleging ineffective assistance of appellate counsel on June 30, 2022. (Doc. 10-2, Ex. 15.) That petition was denied on August 24, 2022. (Doc. 10-2, Ex. 17.) It remained pending until the 15-day period to file a motion for rehearing expired on September 9, 2022. Dalrymple filed his § 2254 petition after another 19 days of untolled time, on September 29, 2022. A total of 40 days of untolled time elapsed. Dalrymple's petition is therefore timely.

1

(Doc. 9), and Dalrymple's reply, (Doc. 11), the petition is denied. Because reasonable jurists would not disagree, a certificate of appealability also is not warranted.

I. BACKGROUND

Dalrymple pleaded guilty to 40 counts of possession of child pornography and was sentenced to an overall term of 532.5 months in prison. (Doc. 10-2, Exs. 1a & 1b.) The state appellate court per curiam affirmed the convictions and sentence. (Doc. 10-2, Ex. 4.) The state appellate court also per curiam affirmed the denial of Dalrymple's state petition for writ of habeas corpus, which the state court treated as having been filed under Florida Rule of Criminal Procedure 3.850. (Doc. 10-2, Exs. 6 & 13.) Dalrymple filed a petition alleging ineffective assistance of appellate counsel under Florida Rule of Appellate Procedure 9.141(d). (Doc. 10-2, Ex. 15.) The state appellate court denied his petition without discussion. (Doc. 10-2, Ex. 17.)

II. STANDARD OF REVIEW UNDER SECTION 2254

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief under the AEDPA can be granted only if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "The power of the federal courts to grant a writ of habeas corpus setting

aside a state prisoner's conviction on a claim that his conviction was obtained in violation of the United States Constitution is strictly circumscribed." *Green v. Sec'y, Dep't of Corr.*, 28 F.4th 1089, 1093 (11th Cir. 2022).

Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

For purposes of § 2254(d)(1), the phrase "clearly established Federal law" encompasses the holdings only of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000). This section "defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court." *Id.* at 404. First, a decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413.

3

Second, a decision involves an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694. As a result, to obtain relief under the AEDPA, "a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 562 U.S. 86, 103 (2011); *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (stating that "[t]he state court's application of clearly established federal law must be objectively unreasonable" for a federal habeas petitioner to prevail and that the state court's "clear error" is insufficient).

When the last state court to decide a federal claim explains its decision in a reasoned opinion, a federal habeas court reviews the specific reasons as stated in the

4

opinion and defers to those reasons if they are reasonable. *Wilson v. Sellers*, 584 U.S. 122, 125 (2018). But the habeas court is "not limited by the particular justifications the state court provided for its reasons, and [it] may consider additional rationales that support the state court's determination." *Jennings v. Sec'y, Fla. Dep't of Corr.*, 55 F.4th 1277, 1292 (11th Cir. 2022). When the relevant state-court decision is not accompanied with reasons for the decision—such as a summary affirmance without discussion—the federal court "should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale [and] presume that the unexplained decision adopted the same reasoning." *Wilson*, 584 U.S. at 125. The state may "rebut the presumption by showing that the unexplained affirmance relied or most likely did rely on different grounds than the lower state court's decision . . . ." *Id.* at 125-26.

For purposes of § 2254(d)(2), "it is not enough to show that 'reasonable minds reviewing the record might disagree about the finding in question.'" *Brown v. Davenport*, 596 U.S. 118, 135 (2022) (quotations omitted). "An unreasonable determination of the facts occurs when the direction of the evidence, viewed cumulatively, was too powerful to conclude anything but the petitioner's factual claim." *Teasley v. Warden, Macon State Prison*, 978 F.3d 1349, 1355 (11th Cir. 2020)

(internal quotation marks and alterations omitted). A state court's findings of fact are presumed correct, and a petitioner can rebut the presumption of correctness afforded to a state court's factual findings only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Even where a petitioner succeeds in rebutting the presumption, he must show that the state court's decision is "based on" the incorrect factual determination. *Pye v. Warden, Ga. Diagnostic Prison*, 50 F.4th 1025, 1035 (11th Cir. 2022). This is because a state court decision may still be reasonable "even if some of the state court's individual factual findings were erroneous—so long as the decision, taken as a whole, doesn't constitute an 'unreasonable determination of the facts' and isn't 'based on' any such determination." *Id.* (quoting *Hayes v. Sec'y, Fla. Dep't of Corr.*, 10 F.4th 1203, 1224–25 (11th Cir. 2021) (Newsom, J., concurring)).

In addition to satisfying the deferential standard of federal court review of a state court adjudication, a federal habeas petitioner must exhaust his claims by raising them in state court before presenting them in a federal petition. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."). A petitioner satisfies

this exhaustion requirement if he fairly presents the claim in each appropriate state court and alerts that court to the federal nature of the claim. *Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010).

The doctrine of procedural default provides that "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). A petitioner shows cause for a procedural default when he demonstrates "that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). A petitioner demonstrates prejudice by showing that "there is at least a reasonable probability that the result of the proceeding would have been different" absent the constitutional violation. *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." *Id.*

## III. STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

Dalrymple brings claims for ineffective assistance of trial counsel and appellate counsel. Under the well-known, two-part standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), to succeed, he must show both deficient performance by his counsel and prejudice resulting from those errors. *Id.* at 687.

The first part "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* The lynchpin of this analysis is whether counsel's conduct "was reasonable considering all the circumstances." *Id.* at 688. A petitioner establishes deficient performance if "the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. A court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

The second part requires showing that the deficient performance prejudiced the defense. *Id.* at 687. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no

effect on the judgment." *Id.* at 691. To demonstrate prejudice, a petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "Claims of ineffective assistance of appellate counsel are governed by the same standards applied to trial counsel under *Strickland*." *Tuomi v. Sec'y, Fla. Dep't of Corr.*, 980 F.3d 787, 795 (11th Cir. 2020). Appellate counsel's performance "will be deemed prejudicial if we find that 'the neglected claim would have a reasonable probability of success on appeal.'" *Id.* (quoting *Philmore v. McNeil*, 575 F.3d 1251, 1265 (11th Cir. 2009)).

"The question [on federal habeas review of an ineffective assistance claim] 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Consequently, federal petitioners rarely prevail on claims of ineffective assistance of counsel because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so." *Richter*, 562 U.S. at 105 (quotation and citations omitted).

9

## IV. ANALYSIS

### A. Waiver of Claims

Dalrymple brings two claims in his § 2254 petition. One claim is for ineffective assistance of trial counsel and the other claim is for ineffective assistance of appellate counsel. Both claims derive from the same factual allegations. Dalrymple alleges that trial counsel should have moved to dismiss certain charges on a statute of limitations defense, and that appellate counsel was ineffective for not raising this same claim of ineffective assistance of trial counsel on direct appeal.

Respondent contends that Dalrymple waived these claims when he pleaded guilty. Since a guilty plea waives non-jurisdictional defects, a petitioner who enters a plea can only challenge the plea's knowing and voluntary nature. Entry of a plea therefore precludes most challenges to the conviction. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (after a criminal defendant enters a guilty plea, he "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within" the range of competence for criminal attorneys); *see also United States v. Broce*, 488 U.S. 563, 569 (1989) ("[W]hen the

judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary."); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained.").

Dalrymple's claims are based on trial counsel's omissions before the entry of the plea. Dalrymple does not argue that trial counsel's alleged failings affected the voluntariness of his plea. And his argument that most of the charges were brought after the statute of limitations expired does not invoke a challenge to the state trial court's jurisdiction. Because the information charged Dalrymple with committing felonies in Florida, the state circuit court had subject matter jurisdiction over his case. *See* Art. V, § 20(c)(3), Fla. Const. (providing that circuit courts "shall have exclusive original jurisdiction . . . of all felonies"); § 26.012(2)(d), Fla. Stat. (same); *Carbajal v. State*, 75 So.3d 258, 262 (Fla. 2011) (stating that subject matter jurisdiction is the "[p]ower of a particular court to hear the type of case that is then before it or jurisdiction over the nature of the cause of action and relief sought" and that "[b]ecause the information filed in this case charged Carbajal with multiple felonies,

the circuit court had subject matter jurisdiction over Carbajal's case" despite an alleged defect in the charging document) (internal quotation marks and citations omitted).

Dalrymple therefore waived his ineffective assistance claims, which are premised on the pre-plea omissions of trial counsel, by entering his plea. But even if the claims were not waived, Dalrymple has failed to show entitlement to federal habeas relief.

### B. Ground One

Dalrymple argues that trial counsel was ineffective for failing to move to dismiss 32 of the 40 charges because they were brought after the three-year statute of limitations had run. At Dalrymple's sentencing hearing, Detective James Klay testified that he found 234 videos depicting child pornography across several devices in Dalrymple's house. (Doc. 10-2, Ex. 1, pp. 174, 183.) Dalrymple was charged for possession of 40 of those videos. (*Id.*, pp. 183-85.)

Detective Klay testified that the 40 videos "spanned back to 2014," and were downloaded "over about a period of a year's time." (*Id.*, pp. 187, 189.) Detective Klay was also able to retrieve data showing that 80 to 90% of the videos for which

Dalrymple was charged had been viewed, and some had been viewed multiple times on different devices. (*Id.*, p. 194.)

Dalrymple alleges that Detective Klay found his IP address in January 2018, but that "had due diligen[ce] been employed, the Petitioner's IP address could have [been] discovered four (4) years ago in 2014." (Doc. 1, p. 8.) He contends that police could have uncovered the downloads earlier because "[t]he files that were downloaded to [his] computer in 2014 had previously been identified by the [National Center for Missing and Exploited Children] as being images of known/identified child victims." (*Id.*, p. 9.) Dalrymple asserts that the statute of limitations began running in 2014, when the police first could have learned of these downloads to his computers. He contends that counsel should have investigated this matter.

Respondent contends that Dalrymple's ineffective assistance of trial counsel claim is procedurally barred. Dalrymple did not raise the ineffective assistance of trial counsel claim in the state court in his postconviction proceeding. (Doc. 10-2, Ex. 6.) Despite this failure, the claim is technically exhausted. State-court remedies are exhausted "when they are no longer available, regardless of the reason for the unavailability." *Shinn v. Ramirez*, 596 U.S. 366, 378 (2022) (quoting *Woodford v.*

*Ngo*, 548 U.S. 81, 92-93 (2006)). But Dalrymple's claim is procedurally defaulted because it was "not presented to the state courts 'consistent with [the State's] own procedural rules,'" specifically, Florida's established procedures for challenging trial counsel's performance in a postconviction proceeding. *Ramirez*, 596 U.S. at 378 (quoting *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000)). Dalrymple does not show that an exception applies to overcome the default. *See id.* Ground One is barred from federal habeas review. Furthermore, even if it were not barred, Dalrymple's ineffective assistance of trial counsel claim lacks merit for the reasons stated below.

### C. Ground Two

Dalrymple argues that appellate counsel was ineffective for not bringing this same claim of ineffective assistance of trial counsel on direct appeal. When Dalrymple raised this ineffective assistance of appellate counsel claim, the state appellate court denied it without elaboration. (Doc. 10-2, Exs. 15 & 17.)

Dalrymple has not shown that the state appellate court's decision was unreasonable. In Florida, an unpreserved claim of ineffective assistance of trial counsel cannot be "raised or result in reversal on direct appeal" unless the appellant establishes fundamental error. *Steiger v. State*, 328 So.3d 926, 929 (Fla. 2021).

Dalrymple was charged with 40 counts of possession of child pornography under §§ 775.0847(2) and 827.071(5), Fla. Stat. (Doc. 10-2, Ex. 1, pp. 57-76.) Each charged offense was a second-degree felony. (*Id.*) Under Florida law, a prosecution for a second-degree felony "must be commenced within 3 years after it is committed." § 775.15(2)(b), Fla. Stat. Section 827.071(5) provides that it is "unlawful for any person to knowingly possess, control or intentionally view a photograph, motion picture, exhibition, show, representation, image, data, computer depiction, or other presentation which, in whole or in part, he or she knows to include child pornography."

Dalrymple presents no controlling authority to support his argument that because law enforcement could have discovered in 2014 that he downloaded the videos, the statute of limitations also began to run in 2014. Moreover, when he was charged in 2018, Dalrymple still possessed the videos on his devices. Dalrymple does not deny that he possessed these videos, or that he knew they contained child pornography.

The factual allegations in the charging document, to which Dalrymple admitted by pleading guilty, followed the statutory language and stated that "on or about January 9, 2018," Dalrymple "did unlawfully knowingly possess, control, or

15

intentionally view" the images. (Doc. 10-2, Ex. 1, pp. 59-75); *see Broce*, 488 U.S. at 570 (stating that a guilty plea "is an admission that [the defendant] committed the crime charged against him" and that a defendant who pleads guilty "is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime" (internal quotation marks and citations omitted)). Thus, Dalrymple's possession of the images in 2018, when charges were brought, satisfied the statutory element that he "knowingly possess, control or intentionally view" child pornography. § 827.071(5), Fla. Stat.

  Dalrymple has not shown that trial counsel had a good-faith basis to move to dismiss 32 counts based on the statute of limitations. Thus, Dalrymple has not identified a meritorious claim of ineffective assistance of trial counsel that could have been raised on appeal as fundamental error. Appellate counsel cannot be found ineffective for failing to bring a claim that lacked merit. *See Pinkney v. Sec'y, DOC*, 876 F.3d 1290, 1297 (11th Cir. 2017); *Tuomi*, 980 F.3d at 797 (stating that when a petitioner's claim that he was denied his right to counsel was not meritorious, "it follows the claim would not have had a reasonable probability of success on appeal, and Tuomi's appellate counsel was not ineffective for failing to raise it"). Dalrymple

16

fails to show that appellate counsel performed deficiently or that he was prejudiced by appellate counsel's actions.

Dalrymple has not shown that the state appellate court's denial of his claim was contrary to or involved an unreasonable application of clearly established federal law or was based on an unreasonable factual determination. He is not entitled to relief on Ground Two.

## V. CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Instead, a district court or court of appeals must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA, Dalrymple must show that reasonable jurists would find debatable both the merits of the underlying claims and the procedural issues he seeks to raise. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Dalrymple has not made the requisite showing. Finally, because Dalrymple is not entitled to a COA, he is not entitled to appeal in forma pauperis.

It is therefore **ORDERED** that Dalrymple's Petition for Writ of Habeas Corpus, (Doc. 1), is **DENIED**. The **CLERK** is directed to enter judgment against Dalrymple and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on September 16, 2025.

Kathryn Kimball Mizelle
United States District Judge